**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JON M. BLOUNT, | : | |
|     Petitioner | : | No. 1:25-cv-02045 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| MELISSA HAINSWORTH, | : | |
| Superintendent SCI Laurel Highlands, | : | |
| et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

Currently before the Court is pro se Petitioner Jon M. Blount ("Blount")'s petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the Court will dismiss Blount's Section 2254 habeas petition as untimely, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

**I.    BACKGROUND**

**A.    State-Court Proceedings**

On February 24, 2023, Blount pleaded guilty to one count of aggravated assault – attempts to cause serious bodily injury or causes injury with reckless indifference (18 Pa. C.S. § 2702(a)(1)) and one count of driving under the influence ("DUI") – general impairment (third offense) (75 Pa. C.S. § 3802(a)(1)) in separate cases docketed in the Court of Common Pleas of Cumberland County. See Docket, Commonwealth v. Blount, No. CP-21-CR-0003241-2021 (Cumberland Cnty. Ct. Com. Pl. filed Dec. 30, 2021) ("No. 3241 Dkt."); Docket, Commonwealth v. Blount, No. CP-21-CR-0003244-2021 (Cumberland Cnty. Ct. Com. Pl. filed Dec. 30, 2021) ("No. 3244 Dkt."); Commonwealth v. Blount, Nos. 638 MDA 2024, 639 MDA

2024, 2025 WL 33000, at *1 (Pa. Super. Ct. Jan. 6, 2025).[1]  On April 4, 2023, the trial court

sentenced Blount to a minimum of five years to a maximum of ten years of state incarceration

for his aggravated assault conviction, see No. 3241 Dkt.; Blount, 2025 WL 33000, at *1, and a

consecutive period of incarceration for a minimum of ten days to a maximum of two years for

his DUI conviction.  See No. 3244 Dkt.; Blount, 2025 WL 33000, at *1.  Blount did not file post-

sentence motions or a notice of appeal from either sentence.  See No. 3241 Dkt.; No. 3244 Dkt.;

Blount, 2025 WL 33000, at *1.

On December 11, 2023, Blount filed pro se a timely first petition for post-conviction

collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46

("PCRA").  See No. 3241 Dkt.; No. 3244 Dkt.; Blount, 2025 WL 33000, at *1.  In his petition,

he claimed that "his sentencing counsel was ineffective for failing to explain to him his post-

sentence rights regarding his ineligibility to participate in the State Drug Treatment Program

(SDTP) due to his combined minimum sentence being greater than five years' incarceration."

See Blount, 2025 WL 33000, at *1 (citing 61 Pa. C.S. § 4103).[2]  "Blount argue[d] that had

---

[1]  The Court takes judicial notice of the dockets in Blount's underlying state criminal cases
before the Court of Common Pleas and on appeal.  See Orabi v. Att'y Gen. of the U.S., 738 F.3d
535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of
another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008)
(taking judicial notice of court docket).  These dockets are publicly accessible through the
Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch).

[2]  A Pennsylvania state prisoner is eligible for the SDTP if, inter alia, they are "sentenced to a
term of confinement under the jurisdiction of the [Commonwealth of Pennsylvania Department
of Corrections], the minimum of which is not more than two years, or [they are] serving a term
of confinement, the minimum of which is not more than five years where the [prisoner] is within
two years of completing the [prisoner]'s minimum term."  See 61 Pa. C.S. § 4013 (defining
"Eligible person" for STDP purposes).

2

counsel effectively informed him of his post-sentence rights, he would have filed a motion to modify his sentence to make him eligible for the SDTP." Id.

The PCRA court appointed counsel to represent Blount during his PCRA proceedings, and newly appointed counsel obtained leave to file an amended PCRA petition. See id.; No. 3241 Dkt.; No. 3244 Dkt. However, instead of filing an amended PCRA petition, counsel filed an application for leave to withdraw along with a Turner/Finley[3] no-merit letter in which counsel "set[] forth Blount's possible claims, an analysis of why those claims lacked merit, and advising Blount of his right to hire private counsel or proceed pro se." See Blount, 2025 WL 33000, at *1. On March 20, 2024, the PCRA court granted counsel's motion to withdraw and issued a notice of its intent to dismiss Blount's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.[4] See id.; No. 3241 Dkt.; No. 3244 Dkt. Blount filed a timely pro se response to the notice in which he contended that his claims have merit, and he also requested that the PCRA court appoint new counsel to represent him. See Blount, 2025 WL 33000, at *1; No. 3241 Dkt.; No. 3244 Dkt. On April 12, 2024, the PCRA court dismissed Blount's PCRA petition without a hearing. See Blount, 2025 WL 33000, at *1; No. 3241 Dkt.; No. 3244 Dkt.

---

[3] Referring to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc).

[4] Rule 907 provides in pertinent part that:

> [I]f[, after promptly reviewing the PCRA petition,] the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

See Pa. R. Crim. P. 907(1).

Blount filed a pro se notice of appeal from the dismissal of his PCRA petition to the Pennsylvania Superior Court.  See Blount, 2025 WL 33000, at *1; No. 3241 Dkt.; No. 3244 Dkt. Blount raised one claim on appeal:

> Did the PCRA court err as a matter of law after accepting PCRA counsel's [Turner/]Finley letter[,] notwithstanding an issue of merit existed relevant to sentencing counsel's misunderstanding of the law surrounding the eligibility requirements for the [SDTP,] which precluded counsel from filing the post-sentencing motion for reconsideration of sentence in order to modify the total minimum sentence to under five years; the extant sentence was over five years by ten days.

See Blount, 2025 WL 33000, at *1 (alterations in original) (quoting Appellant's Br. at 4).  On January 6, 2025, the Superior Court affirmed the dismissal of Blount's PCRA petition via an unpublished memorandum opinion.  See id. at *1, 5.

Following the Superior Court's decision, Blount did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  See Docket, Commonwealth v. Blount, No. 638 MDA 2024 (Pa. Super Ct. filed May 3, 2024).  He did, however, file a petition for leave to file a petition for allowance of appeal nunc pro tunc with the Pennsylvania Supreme Court on February 20, 2025.  See Docket, Commonwealth v. Blount, No. 19 MM 2025 (Pa. filed Feb. 20, 2025). On July 8, 2025, the Pennsylvania Supreme Court denied Blount's petition.  See id.  Although Blount applied for reconsideration or reargument of this decision, the Pennsylvania Supreme Court denied his application on August 19, 2025.  See id.

**B.     Federal Habeas Proceedings**

Blount commenced the instant action by filing an application for leave to proceed in forma pauperis ("IFP Application"), an uncertified prisoner trust fund account statement, and a typewritten Section 2254 habeas petition, in the United States District Court for the Eastern

District of Pennsylvania on October 23, 2025.[5]  (Doc. Nos. 1–3.)  In his habeas petition, Blount

asserts that his trial counsel was ineffective because they misunderstood the law relating to the

eligibility requirements for the SDTP, leading to counsel not filing a post-sentence motion for

reconsideration of Blount's sentence to modify his minimum sentence to under five years.  See

(Doc. No. 2 at 7). He appears to seek an order vacating his judgment on his aggravated assault

conviction so he may file a motion with the trial court to reconsider his sentence to ensure that he

has STDP eligibility.  See (id. at 8–9).

On October 29, 2025, the Eastern District transferred Blount's habeas petition to this

Court.  (Doc. No. 5.)[6]  Upon initial review of Blount's submissions, the Court observed that

Blount did not submit a certified trust fund account statement as required by the in forma

pauperis statute.  See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . .

without prepayment of fees or security therefor, . . . shall submit a certified copy of the trust fund

account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate official of

each prison at which the prisoner is or was confined.").  As such, an Administrative Order issued

requiring submission of Blount's certified account statement.  (Doc. No. 9.)  Two copies of

---

[5]  The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Unfortunately, when filing his habeas petition, Blount did not include a declaration stating when he delivered the petition to prison authorities for mailing to the Clerk of Court.  See (Doc. No. 2 at 9).  Nonetheless, the envelope containing the petition is postmarked October 23, 2025.  See (id. at 19).  As such, the Court uses October 23, 2025, as the petition's filing date even though the Eastern District's Clerk of Court did not docket it until October 27, 2025.  Cf. Fed. R. App. P. 4(c)(1)(A)(ii) (providing that evidence such as a postmark may establish the date of filing of a notice of appeal by a prisoner).

[6]  On the same date, Blount's IFP Application was docketed again.  (Doc. No. 8.)

5

Blount's certified account statement were timely received by the Clerk of Court on November 17, 2025, and November 21, 2025.  (Doc. Nos. 10, 11.)

In addition to Blount not submitting a proper account statement with his IFP Application, Blount did not use the Court's standard form for filing Section 2254 habeas petitions in submitting his petition.  Therefore, the Court issued an Order on December 15, 2025, directing Blount to complete a Notice of Election form—which informed him, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), of the relevant time limit and limits on filing second or successive Section 2254 petitions—stating whether he wishes for the Court to rule on his motion as filed, whether he would like to withdraw the motion, or whether he wanted to take other relevant action.  (Doc. No. 12.)  On January 6, 2026, Blount returned a signed notice of election indicated that he wanted the Court to rule on his habeas petition as filed and did not wish to withdraw it to later file a comprehensive petition.  (Doc. No. 13.)

The Court, after screening Blount's IFP Application and Section 2254 petition, issued a Memorandum and Order on February 10, 2026, which, inter alia: (1) granted the IFP Application; (2) ordered Blount to show cause within thirty days why the Court should not dismiss his Section 2254 petition as time barred; and (3) notified Blount that if he did not file a timely response, the Court would (a) deem him to be unopposed to the Court dismissing his petition as untimely, (b) dismiss the petition as untimely, and (c) direct the Clerk of Court to close the case.  See (Doc. Nos. 14, 15).  Blount neither filed a response to the Court's Order to

6

Show Cause nor sought an extension of time to do so, and the time for him to file a response has long passed.[7]

## II.      LEGAL STANDARD

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. § 2254.  When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See id.

## III.      DISCUSSION

### A.      Screening of Blount's Section 2254 Habeas Petition

As the Court previously explained, it plainly appears from Blount's petition that it is barred by the applicable statute of limitations.  See (Doc. No. 14 at 7–12).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See 28 U.S.C. § 2244(d)(1)(A).  When calculating the commencement of the statute of limitations for purposes of subsection (A), the Court must determine when Blount's judgment became final.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'"  Jones v. Morton, 195 F.3d 153, 157 (3d

---

[7]  Blount filed two documents on April 13, 2026, and April 23, 2026, see (Doc. Nos. 16, 17); however, he does not respond to the Order to Show Cause in either document.  Instead, Blount sought a status update in his April 13, 2026 submission, see (Doc. No. 16 at 1), and he requested copies of the Court's February 10, 2026 Memorandum and Order in his April 23, 2026 submission.  See (Doc. No. 17 at 1).

Cir. 1999) (quoting <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d Cir. 1999) and citing <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).  Here, Blount's judgment became final on May 4, 2023, because he did not file post-sentence motions or an appeal to the Superior Court following his sentencing on April 4, 2023.  <u>See</u> Pa. R.A.P. 903(a)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").  Therefore, AEDPA's one-year statute of limitations began to run on May 4, 2023, and he had one year from that date to file a Section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  <u>See</u> 28 U.S.C. § 2244(d)(2).  A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  <u>See</u> <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir. 1998).  "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court."  <u>Fahy v. Horn</u>, 240 F.3d 239, 243 (3d Cir. 2001).  If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes.  <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 165–66 (3d Cir. 2003).

As indicated above, Blount appears to have timely filed a PCRA petition in the Court of Common Pleas on December 11, 2023.  At the time Blount filed his PCRA petition, two hundred and twenty-one days of the one-year AEDPA limitations period had passed.  However, once he

filed his timely PCRA petition, the limitations period tolled until the conclusion of those proceedings in the Pennsylvania state courts.

Blount's PCRA proceedings concluded with the Superior Court affirming the dismissal of his PCRA petition on January 6, 2025, and his statutory tolling period ended thirty days later, i.e., on February 5, 2025, when he did not file a timely petition for allowance of appeal with the Pennsylvania Supreme Court. See Pa. R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.").[8] And, as the Third Circuit Court of Appeals has held, Blount's belated

---

[8] When the Superior Court affirmed the dismissal of Blount's PCRA petition, he had fully exhausted his state-court remedies with respect to that petition under Pennsylvania law. In this regard, the Pennsylvania Supreme Court issued Administrative Order 218, which provides as follows:

> [W]e hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this court will be allowed only when there are special and important reasons therefor. Pa. R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.
>
> In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. This Order shall be effective immediately.

See In re: Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, No. 218 Jud. Admin. Docket No. 1 (Pa. May 9, 2000).

filing of a petition for allowance of appeal nunc pro tunc does not operate to continue the statutory tolling period:

> [W]e hold that [a petitioner's] nunc pro tunc petition was not "properly filed" under the AEDPA. In determining whether a petition is "properly filed," a federal court "must look to state law governing when a petition for collateral relief is properly filed." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). We recognized in Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003), that a notice of appeal nunc pro tunc is filed improperly as a matter of state law, noting as follows:
>
>> Pennsylvania law thus did not (and does not) recognize extra-PCRA petitions like Brown's notice of appeal nunc pro tunc. Because such petitions are improperly filed as a matter of state law, it seems doubtful that they may be deemed 'properly filed' within the meaning of § 2244(d)(2) . . . .
>>
>> Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA.
>
> Id. at 775 n. 5 (citations omitted). Likewise, in Swartz v. Meyers, 204 F.3d [417, 424 n. 6 (3d Cir. 2000)], we noted that we "agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation." Consistently with these views, we hold herein that [petitioner's] nunc pro tunc petition was not properly filed, and thus did not toll the clock.

See Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (footnotes omitted). Moreover, in contrast to the direct appeal tolling provisions, Section 2244(d)(2)'s post-conviction petition tolling provision does not allow for an additional period of tolling for the petitioner who does not seek further discretionary appellate court review of his conviction and sentence. See Miller v. Dragovich, 311 F.3d 574, 578 (3d Cir. 2002).

Based on the above, the AEDPA one-year clock started again on February 5, 2025, and Blount did not file his Section 2254 petition until October 23, 2025. This is a two-hundred-and-sixty-day period, which, when combined with the two hundred and twenty-one days that passed between his sentencing judgment and the filing of his PCRA petition, means that four hundred

and eighty-one days passed before Blount filed his habeas petition in this case. Therefore, Blount missed AEDPA's one-year statute of limitations by one hundred and sixteen days.

Given that Blount's habeas petition appears to be facially untimely, the only way that the Court could consider it is if some form of equitable tolling applies. AEDPA's one-year statute of limitations is subject to equitable tolling "in appropriate cases." See Holland v. Florida, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to equitable tolling' only if [they] show[] '(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis removed in original)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[] equity's operation" (citations omitted)). In generally, equitable tolling may be appropriate if (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Fahy, 240 F.3d at 244). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

Blount does not include any arguments in his petition that would warrant the Court's exercise of discretion to equitably toll the limitations period. Additionally, although the Court provided Blount an opportunity to argue for equitable tolling through his response to the Order to Show Cause, see (Doc. No. 14 at 12 ("[T]he Court will provide Blount with the opportunity to

11

address the equitable tolling issue before the Court dismisses his petition as untimely." (citing

Day v. McDonough, 547 U.S. 198, 210 (2006)))), he failed to file a response to the Order.

Accordingly, the Court finds that equitable tolling is unwarranted in this case, deems Blount to

be unopposed to the Court dismissing his habeas petition, and will dismiss Blount's habeas

petition as untimely.

### B.  Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability [("COA")], an

appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in

which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. §

2253(c)(1)(A).  A COA may issue only if the applicant has made a substantial showing of the

denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When deciding whether to issue a COA

after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable whether
> the petition states a valid claim of the denial of a constitutional right and that jurists
> of reason would find it debatable whether the district court was correct in its
> procedural ruling . . . .  Where a plain procedural bar is present and the district court
> is correct to invoke it to dispose of the case, a reasonable jurist could not conclude
> either that the district court erred in dismissing the petition or that the petitioner
> should be allowed to proceed further.  In such a circumstance, no appeal would be
> warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, i.e.,

that Blount's habeas claims are barred by AEDPA's one-year statute of limitations.

Accordingly, the Court will not issue a COA in this case.

12

## IV.    CONCLUSION

For the reasons discussed above, the Court will dismiss Blount's Section 2254 habeas petition, decline to issue a COA, and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania